IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Tobacco Tax

| | | |
|---|---|---|
| DONNA DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD  120736N (Control) |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| ROBERT DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD  120737N |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiffs filed their Complaints August 29, 2012, challenging Notices of Determination

and Assessment (Notices) issued for the 2006 and 2007 years.  A telephone conference was held

in this matter on February 12, 2013.  Orrin L. Grover, Attorney at Law, appeared on behalf of

Plaintiffs.  Fred Nichol, Tax Auditor, appeared on behalf of Department.  The parties

subsequently submitted written arguments.  This matter is now ready for the court's

determination.

I.  STATEMENT OF FACTS

Defendant issued its Notices based on "federal Jenkins Act reports * * * show[ing

Plaintiffs] purchased cigarettes from an out-of-state company."  (Ptfs' Compl at 4, 7.)  The

Notices stated: "The Oregon cigarette tax has not been paid on these cigarettes. You are responsible for payment of the Oregon cigarette tax on these cigarettes. The tax rate is 5.9 cents per cigarette." (*Id.*) The Notices assessed unpaid cigarette taxes, citing ORS 323.010, 323.015, and 323.030. (*Id.*) The Notices identified the vendor as the "Hemi Group." (*Id.*) The parties verbally stipulated at the proceeding on February 12, 2013, that cigarettes were delivered to Plaintiffs at their home in Oregon by "UPS or other common carrier."

Plaintiffs filed their Request for Judicial Notice on March 7, 2013, "request[ing] that this Court take judicial notice of the consent order [of] the California Superior Court entered in *State of California, et al., v. Hemi Group, LLC*, Case No. 34-2009-00057798 on September 23, 2009." (Ptfs' Req for Jud Not at 1-2.) Following allegations by the State of California that the Hemi Group violated California law by, among other things, "[f]ailing to comply with the Jenkins Act (15 U.S.C. §§ 375-378)[,]" the parties entered a Consent Judgment and Permanent Injunction enjoining the Hemi Group "from shipping tobacco products sold in non-face-to-face transactions to consumers, unlicensed distributors, wholesalers, and tribal entities located in the State of California." (Ptfs' Req for Jud Not, Hemi Group Consent Judgment and Permanent Injunction at 2-3.)

Plaintiffs make two arguments in opposition to Defendant's Notices. First, Plaintiffs argue that "the cigarette tax for [Plaintiffs'] cigarettes should be imposed [on] the Hemi Group, not [Plaintiffs]." (Ptfs' Closing Arg at 6.) In support of that argument, Plaintiffs assert that the Hemi Group is a "distributor" and "transporter" as defined, respectively, by ORS 323.015(2) and ORS 323.010(14). [1] (*Id.* at 5.) Second, Plaintiffs argue that Defendant's Notices were issued beyond the time allowed under ORS 323.305. (*Id.* at 6-7.)

---

[1] Plaintiffs' citation is to "ORS 323.005(14)," a non-existent statute. From Plaintiffs arguments it is clear that Plaintiff intended to cite to ORS 323.010(14).

## II. ANALYSIS

The issue before the court is whether Defendant's Notices assessing unpaid cigarette taxes for the 2006 and 2007 tax years should be upheld.

Plaintiffs have the burden of proof and must establish their cases by a preponderance of the evidence. ORS 305.427.[2] A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof." *Reed v. Dept. of Rev.,* 310 Or 260, 265, 798 P2d 235 (1990).

"ORS 323.005 to 323.482 may be cited as the Cigarette Tax Act." ORS 323.005(1). "Except where the context otherwise requires, the definitions given in ORS 323.005 to 323.482 govern its construction." ORS 323.005(2). "Every distributor shall pay a tax upon distributions of cigarettes * * *." ORS 323.030(1). A "distributor" is defined as "[a]ny person who distributes cigarettes." ORS 323.015(2). The Cigarette Tax Act does not include a definition of the term "distributes," but it does include a definition of "distribution." ORS 323.015(1). "Distribution," for purposes of ORS 323.015(1), includes:

"* * * * *

"(b) The use or consumption in this state of untaxed cigarettes.

"* * * * *

"(e) The use or consumption by the first person in possession in this state of untaxed cigarettes transported to the state in quantities of more than 199 in a single shipment."

Defendant argues that because "[P]laintiffs engaged in the cigarette distribution under [ORS 323.015(1)], they are defined as distributors under ORS 323.015(2)(a)." (Def's Resp at 4,

---

[2] All references to the Oregon Revised Statutes (ORS) are to 2005.

Mar 25, 2013.) The court agrees with Defendant that Plaintiffs were "distributors" within the meaning of ORS 323.015(1) based on their use or consumption in this state of untaxed cigarettes.

Defendant noted that ORS 323.060 provides a consumer exemption for a single lot or shipment of not more than 199 cigarettes. (Def's Resp at 4, Mar 25, 2013.) ORS 323.060(1) states: "The taxes imposed by ORS 323.005 to 323.482 do not apply to the use or consumption of untaxed cigarettes transported to this state in a single lot or shipment of not more than 199 cigarettes, or of not more than 199 untaxed cigarettes obtained at one time from any of the instrumentalities listed in ORS 323.055(1)." There is no evidence that Plaintiffs' purchases of cigarettes in 2006 or 2007 qualified for exemption from taxation under ORS 323.060(1).

In support of their requested relief, Plaintiffs cite ORS 323.031(2), which states: "Any cigarette for which a tax has once been imposed by ORS 323.005 to 323.482 may not be subject upon a subsequent distribution to the taxes imposed by ORS 323.005 to 323.482." (*See* Ptfs' Closing Arg at 3.) Defendant responds that "the tax imposed on [Plaintiffs] was never imposed on another party." (Def's Resp at 2, Mar 25, 2013.) Plaintiffs did not offer any evidence that the cigarettes upon which taxes were imposed by Defendant in its Notices had previously been subject to the cigarette tax under ORS 323.030 and 323.031.

Plaintiffs argue that "the cigarette tax for [Plaintiffs'] cigarettes should be imposed [on] the Hemi Group, not [Plaintiffs]." (Ptfs' Closing Arg at 6.) In support of that argument, Plaintiffs assert that the Hemi Group is a "distributor" and "transporter" as defined, respectively, by ORS 323.015(2) and ORS 323.010(14).[3] (*Id.* at 5.) It may be that Hemi Group was a "distributor" and "transporter" as defined in the Oregon Cigarette Tax Act. However, the Hemi

---

[3] Plaintiffs also cite ORS 323.505 in support of this argument. (Ptfs' Closing Arg at 3-4.) As noted by Defendant, ORS 305.505 is not part of the Cigarette Tax Act; rather, it discusses the taxation of other "tobacco products." (Def's Resp at 1, Mar 25, 2013); *see also* ORS 323.505(1). Thus, ORS 323.505 is inapplicable.

Group is not a party in the matter and the court cannot impose a liability on a party that is not properly before the court.

Plaintiffs further argue that the Notices were issued beyond the time allowed, three years, under ORS 323.305. (Ptfs' Closing Arg at 6-7.) ORS 323.305 states, in pertinent part:

"If a distributor fails to make payment for stamps when payment is due, the Department of Revenue may compute and determine from any available records and information the amount required to be paid, including interest and penalties. * * * Except in the case of fraud, every notice of a determination made under ORS 323.005 to 323.482 shall be given within three years of the due date for payment of the purchase of stamps."

Defendant responds that "[t]his is not an action by [Defendant] with reference to the <u>purchase of tax stamps</u>. This section [ORS 323.305] does not apply." (Def's Resp at 2, Mar 25, 2013 (emphasis in original).) Defendant asserts that, as stated in ORS 323.403,[4] applicable periods of limitation are found in ORS chapters 305 and 314.[5] (*Id.* at 3.)

ORS 323.160(1) states that "[t]he Department of Revenue shall furnish cigarette tax stamps for sale to distributors *required under ORS 323.068* to prepay the taxes imposed under ORS 323.005 to 323.482." (Emphasis added.) ORS 323.068 states:

"Every distributor who *sells or possesses for sale* unstamped cigarettes in this state shall prepay all taxes imposed under ORS 323.005 to 323.482 prior to the sale of the cigarettes to any person in Oregon by purchasing cigarette tax stamps sold pursuant to ORS 323.005 to 323.482 and affixing those stamps to the unstamped packages of cigarettes."

---

[4] ORS 323.403 states:

"Except as otherwise provided in ORS 323.005 to 323.482 or where the context requires otherwise, the provisions of ORS chapters 305 and 314 as to the audit and examination of returns, periods of limitations, determination of and notices of deficiencies, assessments, liens, delinquencies, claims for refund and refunds, conferences, appeals to the Oregon Tax Court, stays of collection pending appeal, confidentiality of returns and the penalties relative thereto, and the procedures relating thereto, shall apply to the determinations of taxes, penalties and interest under ORS 323.005 to 323.482."

[5] Defendant asserts that, under ORS 314.410(1), it "has three years after a tax return is filed to make changes to the return. No cigarette tax returns were ever filed by [ P]laintiffs for the periods at issue. There are no statutes of limitation for not filing a return[.]" (Def's Resp at 3, Mar 25, 2013.)

(Emphasis added.) As discussed above, the court finds that Plaintiffs were "distributors" within the meaning of ORS 323.015(1) based on their "use or consumption in this state of untaxed cigarettes." However, there is no evidence that Plaintiffs sold or possessed for sale unstamped cigarettes, as described in ORS 323.068. Thus, there is no evidence that Plaintiffs were distributors required to purchase "cigarette stamps" under ORS 323.068 and 323.160(1). Moreover, as noted by Defendant, its Notices were not issued based on Plaintiffs' failure to make payment for stamps. The court agrees with Defendant that ORS 323.305 is inapplicable here because that statute applies only to distributors "who sell[] or possess[] for sale unstamped cigarettes in this state" and who fail to make payment for stamps as required by ORS 323.160. Although the court finds Plaintiffs were "distributors" within the meaning of ORS 323.015(1), they were not distributors required to purchase cigarette stamps and prepay cigarette taxes.

III. CONCLUSION

After careful consideration, the court finds that Plaintiffs were "distributors" within the meaning of ORS 323.015(1) and are, therefore, liable for the cigarette taxes imposed by Defendant under ORS 323.030 and 323.031. There is no evidence that the cigarettes upon which taxes were imposed by Defendant in its Notices had previously been subject to the cigarette tax under ORS 323.030 and 323.031. Plaintiffs have not identified any other basis for relief from Defendant's Notices. Plaintiffs' appeals must be denied. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeals are denied.

Dated this ____ day of June 2013

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on June 14, 2013. The Court filed and entered this document on June 14, 2013.*